Green J.
delivered the opinion of the court.
The charge of the circuit judge is for the most part unexceptionable; but in several propositions stated by him there is error.
Speaking of the deed from Morgan- Williams to the plaintiff, he told the jury that as it was only proved by one witness, it was void. This as a general proposition, as here laid down, is not true. Although, as against creditors of a purchaser from the donor, it' would be void unless proven by two witnesses, and registered as the law directs, yet as between the parties it is good without registration. Hawk’s. Dig. 372: Davis and Mitchell, 5: Yer. Rep. 282.
*392 In the latter part of the charge the court says, “if a , . . third person had given a negro to the child living with its father, the father’s possession as natural guardian, would confer the title on the child; but when the gift is directly from the father to such child, or indirectly by first delivering it to the trustee, and then that trustee within three years, redelivering to the father to hold for the child; that is not such an open remaining in possession by the donee, as will do against a purchaser.” The first part of the above quotation is correct. An adverse possession of a slave for three years, will confer on the possessor the title, as washolden in Kegler vs. Miles, Mar. and Yer. Rep. 426. And the possession of the negro by a guardian for an infant, will vest the title in the infant. Davis vs. Mitchell, 5 Yer. Rep. 282. It is not perceived how the .-question of the operation of the statute of limitations is affected by the source from whence the title of an infant to the negro may he derived. A gift from a father to an infant child, is as valid as if it were made by a stranger. "The fact in the former case, that the possession was held openly and notoriously for the infant, would be more difficult to establish;-but having been established, the same consequences result as though the gift had been made by a third person. This was the case of Davis vs. Mitchell; Davis’ father gave him the negro while he was an infant, and lived with the family of his father, where the negro also lived. On "reference to the record it is perceived that the report of that case is defective, in not stating the fact that the negro was given by the father of the plaintiff, and remained in his possession for his son.
If, therefore, the negro was sold by Marmaduke to Morgan Williams, and the possession held by him for himself, and afterwards conveyed by him to the plaintiff, and the possession delivered to his father, and holden for him for more than three years, it would vest in the plaintiff a good title. So too, if Marmaduke honestly gave the negro to his son, and made use of the conveyances to *393 his brother, and from his brother to his son, and after-Wards held the negro in good faith for his son, for three years, the act of limitations would vest in him a good title. But if it was a feigned gift, to deceive and defraud creditors, and a mere pretence that he held for his son, the plaintiff would not have acquired any right thereby.
The judgment will be reversed, and the cause remanded for another trial, when the law as laid down in this opinion, will be delivered to the jury, in addition to that part of the charge which has not been held herein to be ero-neous.
Judgment reversed.